IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARDENER McKAY WASHINGTON, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | )   CIVIL NO.  05-464-GPM |
| | ) |
| UNITED STATES OF AMERICA, | )   CRIMINAL NO. 01-40033-GPM |
| | ) |
| Respondent/Plaintiff. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's *pro se* motion under 28 U.S.C. § 2255.  For the reasons set forth below, the motion is denied.

Pursuant to a written plea agreement, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  On April 5, 2002, Petitioner was sentenced to 168 months imprisonment on each count (to run concurrently), five years supervised release, a special assessment of $400, and a fine of $1,000.  Petitioner filed a notice of appeal, but his appointed counsel moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  On April 28, 2003, the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself.  In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255.  Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II-11 (Doc. 81, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S. Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S. Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

Petitioner states four grounds for relief: (1) that he received ineffective assistance of counsel because his counsel withdrew objections to the presentence investigation report, (2) that he was

denied his right to trial by jury, in violation of the Sixth Amendment, due to counsel's ineffective assistance, (3) that his guilty plea was unlawfully induced by a promise of a Rule 35 post-conviction motion for a reduced sentence, and (4) that he received ineffective assistance of counsel when counsel told him that the waiver of the right to appeal would prevent only an appeal on the issue of guilt and not on a sentence "inconsistent with the facts." Petitioner does not contend that his sentence was not within the maximum provided for in the statute, nor does he contend that the Court relied upon any impermissible factors such as race or gender in determining his sentence. Consequently, there is no basis in the record for avoiding this waiver.

Even if the Court were to find the waiver unenforceable, this motion is also barred by the one-year statue of limitations. *See* 28 U.S.C. § 2255. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, …, is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, Petitioner was sentenced on April 5, 2002. On April 28, 2003, the Seventh Circuit Court of Appeals granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal. Petitioner did not file a petition for writ of certiorari to the Supreme Court. Therefore, for purposes of § 2255, the Petitioner's conviction became final on July 27, 2003.

Petitioner filed the instant motion on June 27, 2005. Thus, the Petitioner's judgment of conviction was final for almost two years prior to the filing of his motion under § 2255, and he filed

this motion almost one year too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain it.

Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** on the merits.

**IT IS SO ORDERED.**

DATED:  05/16/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
